**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

F.P. DEVELOPMENT, LLC,
a Michigan Corporation
    *Plaintiff,*

v.

CHARTER TOWNSHIP OF
CANTON, MICHIGAN, a Michigan
Municipal Corporation
    *Defendant.*

Civil Case No. 2:18-cv-13690

Hon.  _____

Hon. Mag.  _____

_____

## COMPLAINT

## INTRODUCTION

1.   Plaintiff F.P. Development, LLC (the "Plaintiff") is a Michigan limited liability company whose resident agent is Mr. Martin F. Powelson, and whose registered address is 4850 S. Sheldon Road, Canton, MI 48188.

2.   The Charter Township of Canton (the "Defendant" or the "Township") is a Michigan municipal corporation whose clerk is Michael A. Siegrist, and whose address is 1150 S. Canton Center Road, Canton, MI 48188.

3.   Plaintiff challenges the constitutionality of Defendant's Forest Preservation and Tree Clearing ordinance, Article 5A.00 of the Township's Code of Ordinances (the "Ordinance"). On its face, the Ordinance seizes ownership of private property

and then requires the owner to seek permission from and provide payment to the Township for the privilege of using the seized property. Failure to comply with the Ordinance's restrictions on constitutionally protected property rights results in substantial civil and criminal sanctions.

4. Plaintiff owns an approximately 30-acre parcel of industrially zoned property (the "Property") located in the Township.

5. In 2018, Plaintiff engaged in forestry work for a dual purposes. Plaintiff removed vegetation that included both trees and scrub brush, invasive species, dead ash trees, and some cotton wood trees (the "harvested or unwanted objects") from the Property in accord with accepted silvicultural purposes and in order to access an obstructed drain that was causing flooding on the Property.

6. The Property retains significant numbers of trees and no areas of the Property were completely cleared as a result of the work undertaken by Plaintiff.

7. Under the Ordinance, property owners are prohibited from removing from their properties any object broadly defined as a "tree"—including brush only a few feet high and a few inches in diameter—unless they first seek a permit.

8. A permit will not be granted unless the property owner agrees to pay up to $450.00 for the removal of a single "tree," or alternatively, to replace it with up to three trees of the Township's choosing.

220623043.1 95831/337329

9.    Because Plaintiff did not receive a permit before removing the  harvested or unwanted objects, the Township has issued a Notice of Violation to Plaintiff by which the Township could seek potentially hundreds of thousands of dollars in penalties under the Ordinance. The Notice of Violation was issued notwithstanding the fact that Plaintiff's removal of the harvested or unwanted objects from the Property was necessary to access an obstructed drain that was causing flooding, damaging or destroying trees, and otherwise making the Property unusable.

10.   Because of its explicit restrictions, penalties, and sanctions on the use of private property, and because of its application by the Township to the Plaintiff's Property through the Notice of Violation, the Ordinance, both on its face and as applied in this case, constitutes: (1) an unlawful taking and seizure in violation of the Fourth and Fifth Amendments; (2) an unconstitutional condition on the use of property under the Fifth and Fourteenth Amendments; and (3) an excessive fine under the Eighth Amendment to the United States Constitution.

## JURISDICTION AND VENUE

11.   Plaintiff brings this civil-rights lawsuit pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, and the Declaratory Judgments Act, 28 U.S.C. § 2201, for violations of rights, privileges, or immunities secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States.

3

12. Plaintiff seeks injunctive and declaratory relief against Defendant Township of Canton because the Township's ordinance both facially and as-applied to Plaintiff violates its constitutional rights. Accordingly, this Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 (federal-question jurisdiction) and § 1343 (civil-rights jurisdiction).

13. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1). The defendant is a charter township of Wayne County, which is located in the Eastern District of Michigan in the Southern Division. *See* 28 U.S.C. § 102 (a)(1). The Property is situated, and the actions set forth herein occurred, within the territorial jurisdiction of this Court.

## PARTIES

### A. PLAINTIFF

14. Plaintiff is a Michigan corporation founded by Mr. Martin F. Powelson.

15. Since the 1970's the Powelson family has operated businesses in Canton that provide products, services, and jobs for the people of the Township and others.

16. Because the property at issue in this case is located in the Township, it is subject to the restrictions of the Ordinance.

17. The Township has applied the Ordinance to Plaintiff, issuing a Notice of Violation of the Ordinance carrying with it substantial penalties for removing the harvested or unwanted objects from the Property without a permit.

4

18. Unless enjoined by this Court, the Ordinance will continue to injure Plaintiff by unconstitutionally restricting its property rights and limiting its ability maintain or otherwise productively use the Property.

**B. DEFENDANT**

19. Defendant is the political entity that enacted and enforces the Ordinance.

## STATEMENT OF FACTS

20. The Property is a largely vegetated parcel in Canton Township that is surrounded on all four sides by industrial or commercial uses.

21. In the late 1800's, a drainage ditch was dug on the Property and through nearby properties in the area to prevent flooding.

22. Under state law, the County has a responsibility to maintain the drainage ditch.

23. Over the last several decades, however, the drainage ditch has fallen into a state of neglect so as to not function as designed.

24. As a result, sediment, trees, and other vegetation have congregated in and around the drainage ditch obstructing its flow.

25. These obstructions have reached the point that they are causing flooding on the Property and the properties of Plaintiff's neighbors.

26. The flooding provides a breeding ground for mosquitos and has resulted in the death of numerous trees.

5

220623043.1 95831/337329

27.  Additionally, portions of the Property have become or are becoming infested with invasive species of vegetation and destructive bugs.

28.  In 2018, Plaintiff decided it would be willing to bear the cost of maintaining the drainage ditch in order to abate the problems caused on the Property by the County's failure to maintain the drainage ditch.

29.  In order to even be able to stage the necessary equipment in the vicinity of the drainage ditch to be able to eventually  conduct the drain maintenance work, Plaintiff first had to remove a number of trees and scrub brush between the entrance of the Property and the drainage ditch.

30.  To facilitate the removal, Plaintiff entered into an agreement with a private contractor who agreed to cut the path, clear the obstructions, and pay Plaintiff a fee in exchange for the rights to any harvestable wood that was removed in the process.

31.  During that process, certain wood was harvested in accord with accepted silvacultural principles.

32.  Plaintiff, however, was unable to complete the project. In July of 2018 the Township notified Plaintiff that Plaintiff had violated the Ordinance by removing "trees" without a permit and would be required to pay an undisclosed penalty.

33.  The Township then conducted inspections of the Property in August and September of 2018.

220623043.1 95831/337329

34. On September 13, 2018, the Township served Plaintiff with a Notice of Violation, stating that Plaintiff had violated the Ordinance by removing "trees" without a permit and was required to pay an undisclosed penalty. The face of the Ordinance authorizes substantial civil and criminal penalties in connection with the Notice of Violation.

35. Also on September 13, 2018, the Township posted a "Stop Work" order on the Property preventing Plaintiff from continuing work necessary to remove the obstructions in and around the drain.

36. As a result, the Property continues to flood and Plaintiff was unable to collect the contracted fee for the timber.

## LEGAL FRAMEWORK

### A. OWNERSHIP OF TREES, SHRUBS, AND OTHER OBJECTS ON PRIVATE PROPERTY

37. At common law, the right to own property includes an absolute ownership right in the trees, shrubs, and other objects situated thereon, including the right to fell, remove, or otherwise utilize same.

38. A third party who interferes with that property interest is guilty of a crime under Michigan law. MCL 750.382.

7

39. The right of a property owner to fell and utilize trees, shrubs or other objects on his property is a severable interest, akin to a mineral interest, and may be sold or leased to others.

40. Government interference with that severable interest can give rise to a taking under the Fifth and Fourteenth Amendments to the United States Constitution, even when the underlying property may still be used for other purposes. *See Arkansas Game & Fish Comm'n v. United States*, 568 U.S. 23, 34 (2012).

## B. THE FIFTH AMENDMENT

41. The Takings Clause of the Fifth Amendment to the United States Constitution provides: "[N]or shall private property be taken for public use, without just compensation." U.S. Const., Amdt. V.

42. The Fifth Amendment is applicable to the states through the Fourteenth Amendment. *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 421 (1982).

43. A *per se* taking occurs when the government acquires title to a property through the process of eminent domain and in two other circumstances relevant in this case.

44. First, a *per se* taking occurs when a government regulation of private property grants the government "control and use" over an interest in private

8

property, even if actual possession remains with the private property owner. *Horne v. Dep't of Agric.*, 135 S. Ct. 2419, 2428 (2015). In *Horne,* a federal law that required raisin farmers to dedicate control over a certain percentage of their raisins to the federal government was deemed by the Supreme Court to be a *per se* taking, despite the fact that the raisins remained on the farmers' property and the farmers would receive a portion of the proceeds if the government decided to sell the raisins. *Id*. The Court explained that the regulation was a taking because it granted the government total discretion to "dispose [] of what become its raisins as it wishes." *Id*.

45. Second, a per se taking occurs when a government regulation requires that a private property owner maintain an unwanted object on her property. *Loretto*, 458 U.S. at 441. In *Loretto*, the Court held that a law requiring a property owner to allow an unwanted cable box to remain on her property constituted a *per se* taking. *Id.*

## C. THE FOURTH AMENDMENT

46. The Fourth Amendment to the United States Constitution provides, in part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."

47. The Fourth Amendment is incorporated against the states through the Fourteenth Amendment.

220623043.1 95831/337329

48. A land use regulation violates the Fourth Amendment if it is "(a) a meaningful interference with [a Plaintiff's] possessory interests in property, which is (b) unreasonable because the interference is unjustified by [ ] law or, if justified, then uncompensated." *Severance v. Patterson*, 566 F.3d 490, 503–04 (5th Cir. 2009). In *Severance*, the court held that government claim to a public use easement across a homeowner's yard constituted a seizure for Fourth Amendment purposes, because it interfered with the owner's ability to use the property and exclude others. *Id.*

## D.     THE UNCONSTITUTIONAL CONDITIONS DOCTRINE

49. Under the Fifth and Fourteenth Amendment to the United States Constitution, conditions attached to a land-use permit must be "roughly proportional" to the government interest protected. *Dolan v. City of Tigard*, 512 U.S. 374, 391(1994).

50. To meet this burden, "the city must make some sort of individualized determination that the required dedication is related both in nature and extent to the impact of the proposed development." *Id.*

## E.     THE EXCESSIVE FINES CLAUSE

51. The Eighth Amendment of the United States Constitution provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

220623043.1 95831/337329

52. The Excessive Fines Clause of that amendment "limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" *Austin v. United States,* 509 U.S. 602, 609–610 (1993).

53. The "touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *U.S. v. Bajakajian* 524 U.S. 321, 334 (1998).

## F. THE ORDINANCE

54. Canton Code of Ordinances, Art. 5A.00 et seq. (Exhibit 1), prohibits:

1. "The removal or relocation of any tree with a [diameter at breast height] of six inches or greater on any property without first obtaining a tree removal permit";

2. "The removal, damage or destruction of any landmark tree without first obtaining a tree removal permit";

3. "The removal, damage or destruction of any tree located within a forest without first obtaining a tree removal permit"; or

4. "Clear cutting or grubbing within the dripline of a forest without first obtaining a tree removal permit." Canton Code of Ordinances, Art. 5A.05

11

220623043.1 95831/337329

55. "Tree" is broadly defined in the ordinance to include "any woody plant with at least one well-defined stem and having a minimum DBH of three inches." Canton Code of Ordinances, Art. 5A.01.

56. "Forest" is likewise broadly defined to include "any treed area of one-half acre or more, containing at least 28 trees with a DBH of six inches or more." Canton Code of Ordinances, Art. 5A.01.

57. A permit will not be granted for the above listed activities unless the applicant can show that there is "no feasible or prudent alternative" to removal that would not cause an "undue hardship." Canton Code of Ordinances, Art. 5A.05 (F).

58. Even if the burden set forth in Art. 5A.05 (F) of the ordinance is met, a permit will only be granted if the property owner agrees to replace any removed trees with 1-3 replacement trees, or agrees to pay "monies into the township tree fund for tree replacement within the township." Canton Code of Ordinances, Art. 5A.08.

59. "These monies shall be equal to the per-tree amount representing the current market value for the tree replacement that would have been otherwise required." Canton Code of Ordinances, Art. 5A.08.

60. In practice, these fees range from $250-450 per tree.[1]

---

[1] *See* Canton Tree Removal Application, https://www.canton-mi.org/DocumentCenter/View/310/Tree-Removal-Application-PDF (last reviewed on November 9, 2018).

220623043.1 95831/337329

61. A property owner who removes trees without a permit is liable for the fees or replacement trees that would have been required, had the owner applied for a permit.

62. The owner is subject to up to an additional $500 in penalties and up to 90 days of imprisonment for each offense, or both. Canton Code of Ordinances, Sec. 1-7 (c).

## CLAIMS FOR RELIEF

### Count I

**Unconstitutional taking in violation of Fifth and Fourteenth Amendments to the United States Constitution**

**(Government seizure of control and use of an interest in property—*Horne v. Dep't of Agric*., 135 S.Ct. 2419 (2015))**

63. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1-62 as though fully set forth herein.

64. Both on its face and as applied in this case, the Ordinance effectively grants the Township a controlling interest in the "trees," as defined in the Ordinance, on Plaintiff's Property.

65. So complete is the Township's claim of ownership under the Ordinance that it will not grant a permit to remove or engage in certain activities in connection with a "tree" on the Property unless Plaintiff agrees to compensate the

13

Township by a cash payment or incur costs of replacement as dictated by the Township. Canton Code of Ordinances, Art. 5A.08.

66.  Issuance of a permit is not based on whether removing a "tree" will injure others, create a public nuisance, or cause any other cognizable public or private harm.

67.  Instead, the granting of a permit is solely contingent on whether Plaintiff compensates[2] the Township and the Township agrees that the removal of the harvested or unwanted objects is necessary. Canton Code of Ordinances, Art. 5A.05, 5A.08.

68.  By claiming a right to control the use and disposition of the harvested or unwanted objects on the Plaintiff's Property, the Township has made a claim to ownership that is in fact a possession of the objects.

69.  The Township has not offered any compensation to Plaintiff and the Ordinance does not provide any mechanism by which Plaintiff may be compensated for the Township's taking such a possessory interest.

70.  The Township denies that it has any obligation to compensate Plaintiff.

71.  The Township has asserted, and the Ordinance on its face provides, that Plaintiff must pay the Township money for removing the harvested or unwanted objects from Plaintiff's own Property without government permission.

---

[2] In the form of cash payment or planting replacement trees.

14

220623043.1 95831/337329

72.   Accordingly, the ordinance, both on its face and as applied in this case, is an uncompensated taking in violation of the Fifth Amendment.

## Count II

## Unconstitutional taking in violation of Fifth and Fourteenth Amendments to the Constitution

### (Government mandated occupation of private property by an unwanted object—*Loretto* v. *Teleprompter Manhattan CATV Corp.*, 458 U.S. 419 (1982).)

73.   Plaintiff re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1-72 as though fully set forth herein.

74.   The Ordinance, both on its face and as applied to Plaintiff requires that Plaintiff allow harvested or unwanted objects to remain on its property unless the Township grants it a permit to remove them.

75.   Such a permit will only be granted if the Township agrees that removal is necessary and Plaintiff agrees to replace the harvested or unwanted objects or pay a penalty in lieu of replacement. Canton Code of Ordinances, Art. 5A.05, 5A.08.

76.   Plaintiff is thus left with the choice of allowing harvested or unwanted objects to remain on its property or incurring costs by replacing the objects with ones of the Township's choosing or paying a fine.

77.   This government-mandated occupation of the Plaintiff's property by harvested or unwanted objects is a per se taking under *Loretto*, 458 U.S. 419.

15

78. The Township denies any obligation to compensate Plaintiff for this taking.

79. The Township claims, and the Ordinance mandates, that the Township is entitled to compensation from Plaintiff for its removal of the harvested or unwanted objects from its Property.

80. In addition, the Ordinance sets forth civil and criminal sanctions for such removal by Plaintiff, regardless of whether Plaintiff's actions actually benefit the health, safety, and environment of the Township and its residents.

81. Accordingly, both on its face and as applied, the Ordinance is an uncompensated taking in violation of the Fifth Amendment.

## Count III

### Unreasonable seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution

### (Unreasonable interference with a possessory interest in property—*Severance v. Patterson*, 566 F.3d 490 (5th Cir. 2009))

82. Plaintiff re-alleges and incorporates by reference each and every allegation set forth Paragraphs 1- 81 as though fully set forth herein.

83. A land use regulation violates the Fourth Amendment if it is "(a) meaningful interference with [a Plaintiff's] possessory interests in property, which is (b) unreasonable because the interference is unjustified by [ ] law or, if justified, then uncompensated." *Severance*, 566 F.3d at 502.

16

220623043.1 95831/337329

84. The Ordinance, both on its face and as applied, creates a meaningful interference with Plaintiff's possessory interest in the trees on its property by eliminating its ability to use, modify, destroy, or alienate the "trees" without paying a penalty.

85. Additionally, the Ordinance, both on its face and as applied, creates a meaningful interference with the Plaintiff's possessory interest in its property as a whole by eliminating the right to exclude harvested or unwanted objects from the property, or conduct necessary maintenance.

86. Neither of the above interferences with Plaintiff's property interests have been compensated.

87. The Township demands, and the Ordinance mandates, that Plaintiff pay for exercising control over its own property without government consent.

88. These interferences with Plaintiff's property rights are not reasonable.

89. The Ordinance does not limit its seizures of "trees" to seizures seeking evidence of a crime or seizures necessary to prevent or rectify a public nuisance or any other cognizable harm.

90. Nor does the Township claim that Plaintiff's removal of the harvested or unwanted objects to conduct maintenance on the Property has endangered or injured the Property's neighbors or the Township.

220623043.1 95831/337329

91. Accordingly, the Ordinance, both on its face and as applied, is an unreasonable seizure in violation of the Fourth Amendment.

## Count IV

### Unconstitutional condition of the use of private property in violation of the Fifth and Fourteenth Amendments the United States Constitution

### (*Dolan v. City of Tigard*, 512 U.S. 374 (1994))

92. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1-91 as though fully set forth herein.

93. In *Dolan*, 512 U.S. at 391, the Court held that conditions attached to a land-use permit must be roughly proportional to the government interest protected.

94. Both on its face and as applied in this case the Ordinance allows the Township to charge hundreds of dollars for permission to remove a single "tree" that is only a few inches across.

95. Alternatively, the Township could force the owner to plant up to three trees of the Town's choosing.

96. Such a condition imposed by the Ordinance is not "roughly proportional" to any interest the government has in keeping the harvested or unwanted objects in place on the Property.

97. There is no evidence that clearing the harvested or unwanted objects from the Property will negatively affect the Plaintiff's neighbors, or the health, safety or environment of the Township or its residents.

220623043.1 95831/337329

98. In fact, the clearing will benefit neighbors by reducing flooding, bugs, and other invasive species.

99. The conditions imposed by the Ordinance are therefore not roughly proportional to any public harm caused by Plaintiff's removal of the harvested or unwanted objects from its Property and are therefore unconstitutional as applied.

100. Because this gross disproportionality is built into the ordinance—i.e., the ordinance requires excessive compensation for the removal of "trees" including scrub brush—the ordinance is also unconstitutional on its face.

### Count V

**Excessive fine in violation of the Eighth and Fourteenth Amendments the United States Constitution**

**(*U.S. v. Bajakajian*, 524 U.S. 321 (1998))**

101. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1-100 as though fully set forth herein.

102. The "touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *Bajakajian*, 524 U.S. at 334.

103. Both on its face, and as applied in this case, the ordinance mandates penalties of hundreds of dollars for any single "tree" Plaintiff removed from its property.

220623043.1 95831/337329

104. The top penalty, reserved for "heritage trees" is $450.00 per tree removed.

105. Additionally, each violation of the ordinance is punishable by a fine of up to $500.00, up to 90 days in jail, or both.

106. Because "tree" is broadly defined to include scrub brush, clearing several acres can result in hundreds of thousands of dollars in fines asserted by the Township.

107. Upon information and belief, the Township contends it is entitled to hundreds of thousands of dollars in penalties from Plaintiff because Plaintiff removed harvested or unwanted objects in order to perform maintenance on its Property.

108. By contrast, the fine assigned for knowingly assaulting a pregnant woman in Michigan is "…not more than $500…" MCL 750.81 (3).

109. The penalties assigned by the Township to Plaintiff in this case for clearing the Property are so out of proportion with the gravity of the offense charged as to be excessive in violation of the Eighth Amendment.

110. Because this gross disproportionality is built into the Ordinance—i.e., the ordinance provides for hundreds of dollars in penalties for the removal a single "tree" including scrub brush—the Ordinance is also unconstitutional on its face.

220623043.1 95831/337329

## INJUNCTIVE RELIEF ALLEGATIONS

111. The Plaintiff hereby re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1- 110 as though fully set forth herein.

112. Plaintiff alleges that both on its face and as applied, the Ordinance violates its constitutional rights.

113. If an injunction does not issue enjoining Defendants from enforcing the Ordinance, Plaintiff will be irreparably harmed.

114. Plaintiff has no plain, speedy, and adequate remedy at law to prevent the Defendant from enforcing the ordinance.

115. If not enjoined by this Court, Defendants will continue to enforce the Ordinance in derogation of Plaintiff's rights.

116. Accordingly, injunctive relief is appropriate.

## DECLARATORY RELIEF ALLEGATIONS

117. Plaintiff hereby re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1-116 as though fully set forth herein.

118. An actual and substantial controversy exists between Plaintiff and Defendant as to their legal rights and duties with respect to whether the Ordinance violates the United States Constitution on its face.

220623043.1 95831/337329

119. An actual and substantial controversy exists between Plaintiff and Defendant as to their legal rights and duties with respect to whether the Ordinance violates the United States Constitution as applied to the Plaintiff.

120. This case is presently justiciable because the Ordinance applies to Plaintiff on its face, and has been applied against the Plaintiff because the Township has issued a Notice of Violation and Stop Work Order against Plaintiff alleging that Plaintiff has violated the Ordinance and is subject to civil and criminal sanctions.

121. Declaratory relief is therefore appropriate to resolve this controversy.

## PRAYER & CONCLUSION

As remedies for the constitutional violations set forth herein, Plaintiff respectfully requests the following relief:

A.    Entry of judgment declaring the Ordinance an unconstitutional taking, on its face, in violation of the Fifth and Fourteenth Amendments to the United States Constitution;

B.    Entry of judgment declaring the Ordinance an unconstitutional taking, as applied to Plaintiff, in violation of the Fifth and Fourteenth Amendments to the United States Constitution;

C.    Entry of judgment declaring that the Ordinance, on its face, constitutes an unreasonable seizure of property in violation of the Fourth and Fourteenth Amendments to the United States Constitution;

220623043.1 95831/337329

D.    Entry of judgment that the Ordinance, as applied to Plaintiff, constitutes an unreasonable seizure of property in violation of the Fourth and Fourteenth Amendments to the United States Constitution;

E.    Entry of judgment declaring that, on its face, the Ordinance places an unconstitutional condition on the use of property in violation of the Fifth and Fourteenth Amendments to the United States Constitution by conditioning tree removal on payment $250.00 - $450.00 per tree, or replacement of removed trees by 1 to 3 replacement trees;

F.    Entry of judgment declaring that, as applied to Plaintiff, the Ordinance places an unconstitutional condition on the use of property in violation of the Fifth and Fourteenth Amendments to the United States Constitution by conditioning tree removal on payment $250.00 - $450.00 per tree, or replacement of removed trees by 1 to 3 replacement trees;

G.    Entry of judgment that the penalties mandated by the Ordinance for the removal of trees on private property are unconstitutionally excessive on their face, in violation of the Eighth and Fourteenth Amendments to the United States Constitution;

H.    Entry of judgment declaring that the penalties assessed by the Township against Plaintiff for clearing the above described property are unconstitutionally

23

excessive in violation of the Eighth and Fourteenth Amendments to the United States Constitution;

I.    Entry of a preliminary and a permanent injunction prohibiting the Township from enforcing the Ordinance against Plaintiff and prohibiting the Township from collecting fees for violation of the Ordinance;

J.    An award of attorneys' fees, costs, and expenses in this action pursuant to the Civil Rights Attorneys' Fees Award Act, 42 U.S.C. § 1988; and

K. Such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,
CLARK HILL PLC

*/s/ Michael J. Pattwell*
Michael J. Pattwell
Ronald A. King
Clark Hill PLC
212 E. Cesar Chavez Avenue
Lansing, MI 48906
(517) 318-3043
mpatwell@clarkhill.com
rking@clarkhill.com
(P72419)
(P45088)

Cynthia M. Filipovich
Clark Hill PLC
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
(313) 965-8373
cfilipovich@clarkhill.com
(P53173)

24

220623043.1 95831/337329

Stephon B. Bagne
Clark Hill PLC
151 S Old Woodward Avenue, Suite 200
Birmingham, MI 48009
(248) 965-8897
sbagne@clarkhill.com
(P54042)

TEXAS PUBLIC POLICY FOUNDATION
CENTER FOR THE AMERICAN FUTURE

Robert Henneke (admission pending)
Texas Bar No. 24046058
rhenneke@texaspolicy.com

Theodore Hadzi-Antich (admission pending)
California Bar No. 264663
tha@texaspolicy.com

Chance Weldon (admission pending)
Texas Bar No. 24076767
cweldon@texaspolicy.com
901 Congress Avenue
Austin, Texas 78701
(512) 472-2700

Date: November 26, 2018

25

220623043.1 95831/337329