UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F.P. DEVELOPMENT, LLC,

    Plaintiff/Counter-Defendant,

vs.

Case No. 18-CV-13690

HON. GEORGE CARAM STEEH

CHARTER TOWNSHIP OF CANTON,

    Defendant/Counter-Plaintiff.
_____/

OPINION AND ORDER DENYING PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR ATTORNEY'S FEES (ECF NO. 56)

This Court entered judgment in favor of plaintiff/counter-defendant F.P. Development, LLC ("F.P.") after finding that Charter Township of Canton ("Canton") violated F.P.'s constitutional rights under the Fifth Amendment. Canton appealed and the Sixth Circuit affirmed this Court's decision. The mandate issued back to this Court on January 11, 2022. The matter is before the Court on F.P.'s motion to recover its appellate attorney's fees pursuant to Fed. R. Civ. P. 54(d), L.R. 54.1.2, and 42 U.S.C. § 1988(b). For the reasons explained below, F.P.'s motion is denied.

ANALYSIS

A.   Procedural Posture

F.P. filed its five-count complaint on November 26, 2018. The complaint alleged facial and as-applied challenges to Canton's Tree Ordinance under the U.S. Constitution. The counts included theories alleging an unconstitutional taking, unreasonable seizure, unconstitutional conditions and excessive fines. Canton filed a counter-complaint against F.P. alleging violations of the Tree Ordinance. The parties filed cross-motions for summary judgment. On April 23, 2020, this Court entered an Opinion and Order granting summary judgment in favor of F.P. on its two takings counts on the basis that the Tree Ordinance is an unconstitutional taking as applied to F.P. under the *Penn Central* balancing test and the *Nollan/Dolan* rough proportionality test. The Court granted summary judgment to Canton on F.P.'s unreasonable seizure and excessive fine counts.  *F.P. Development, LLC v. Charter Township of Canton*, 456 F.Supp.3d 879, 897 (E.D. Mich. 2020) (ECF No. 44). On the same date, the Court entered final judgment in the case. (ECF No. 45). Notably, F.P. did not file a motion for attorney's fees and related non-taxable expenses as the prevailing party pursuant to Fed. R. Civ. P. 54(d)(2).

Canton filed is notice of appeal on May 13, 2020 (ECF No. 46), and

F.P. filed a cross-appeal on May 19, 2020 (ECF No. 48). The Sixth Circuit affirmed this Court's decision on October 12, 2020 (ECF No. 51). *F.P. Development LLC v. Charter Township of Canton, Michigan*, 16 F.4th 198 (6th Cir. 2021). The Sixth Circuit's mandate issued on January 11, 2022 (ECF No. 51).

On February 8, 2022, the Court entered an order granting the parties' stipulated motion to extend time to file motions for attorney's fees by 21-days, until March 1, 2022 (ECF No. 53). This was done to facilitate settlement discussions on the matter of fees. The parties requested a further 21-day extension, which was granted on February 28, 2022 (ECF No. 55). F.P. filed its motion for attorney's fees on March 21, 2022 (ECF No. 56). Settlement discussions continued between the parties, but ultimately a settlement was not achieved. The motion has now been fully briefed.

Canton opposes F.P.'s fee request on the basis that it is untimely, unreasonable, and excessive.

B.   Timeliness of Motion

F.P. acknowledges that it did not file a timely motion for attorneys' fees related to the litigation that took place in this Court, and therefore it does not seek to recover its attorneys' fees for that work. However, F.P.

does seek to recover the attorneys' fees incurred in defending Canton's appeal before the Sixth Circuit.

Local Rule 54.1.2(a) provides that "[a] motion for attorneys' fees and related non-taxable expenses pursuant to Fed. R. Civ. P. 54(d)(2) must be filed no later than 28 days after entry of judgment." For purposes of Fed. R. Civ. P. 54, the term "judgment" is defined to include a "decree and any order from which an appeal lies." Rule 54(a). As recited above, this Court's final judgment resolving the cross-motions for summary judgment was entered on April 23, 2020.

F.P. argues that Local Rule 54.1.2(a) applies to appellate attorney's fees and that the 28-day clock for filing a motion commences with entry of the Sixth Circuit's mandate. In support of this interpretation, F.P. cites to the case *Reed-Bey v. Pramstaller*, No. 06-10934, 2012 WL 2741488 (E.D. Mich. July 9, 2012). However, the issue addressed by the Court in *Reed-Bey* was the time period for seeking to recover the appellate filing fee as a taxable cost in district court. Local Rule 54.1 establishes that a bill of costs must be filed within 28 days after entry of judgment. While the Court stated that the time for filing a bill of costs would "ordinarily run from the date of the Sixth Circuit's judgment or mandate," *id*. at *1, *Reed-Bey* did not address the timing or the trigger for filing a motion for attorney's fees or

-4-

nontaxable expenses. Therefore, *Reed-Bey* is not precedent for interpreting Fed. R. Civ. P. 54(d)(2) or LR 54.1.2, which address motions for attorney's fees.

F.P. next argues that adopting Canton's position would require that a motion to recover attorney's fees incurred for appellate work must be brought before any appellate work has been done. F.P. maintains this is an impossible and untenable requirement. Both parties discuss the same Fifth Circuit case to support their differing positions. *See Zimmerman v. City of Austin, Texas*, 969 F.3d 564, 571 (5th Cir. 2020). In that case, the plaintiff prevailed in the district court, did not file a timely post-judgment motion for attorney fees, and then filed a motion for appellate attorney's fees in the district court following the resolution of defendant's appeal. The Fifth Circuit ultimately affirmed the district court's denial of appellate fees as untimely. In doing so, the court considered local rules and appellate rules that do not apply to this case. For example, 5TH CIR. R. 47.8 and Fifth Circuit caselaw anticipate that the issue of attorneys' fees incurred on appeal are properly raised before the court of appeals as opposed to the district court. *Id*. (citations omitted). The parties have not identified any local rules or caselaw from this Circuit that address the relevant issues, other than those already discussed.

F.P. offers no authority to support its attempt to limit its motion for attorney's fees to those incurred on appeal in order to avoid having to abide by the timeline and procedure established in Fed. R. Civ. P. 54(d)(2)(B) and LR 54.1.2. The Sixth Circuit's Opinion affirming this Court's judgment was not a new "judgment," as defined by Fed. R. Civ. P. 54(a), that would commence a new 28-day period for F.P. to file its motion.

Accordingly, IT IS HEREBY ORDERED that plaintiff/counter-defendant's motion for attorneys' fees (ECF No. 56) is DENIED.

Dated:  December 7, 2022

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 7, 2022, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---