UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F.P. DEVELOPMENT, LLC,

      Plaintiff/Counter-Defendant,

vs.

      Case No. 18-CV-13690

      HON. GEORGE CARAM STEEH

CHARTER TOWNSHIP OF CANTON,

      Defendant/Counter-Plaintiff.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR FURTHER RELIEF UNDER 28 U.S.C. § 2202 (ECF Nos. 63 AND 64)

This matter is before the Court on the motion for further relief under 28 U.S.C. § 2202 filed by plaintiff/counter-defendant, F.P. Development, LLC ("F.P.") (ECF No. 63, amended by ECF No. 64). For the reasons explained below, F.P.'s motion is denied

## BACKGROUND

The facts of this case are set forth in detail in the Court's prior order and will only be summarized here. *See, F.P. Development, LLC v. Charter Township of Canton*, 456 F.Supp.3d 879 (E.D. Mich. 2020). Canton regulates the removal of trees in the Township through Article 5A.00 of its Zoning Ordinance ("ZO"), which the parties refer to as the Tree Ordinance. The purpose of the Tree Ordinance is to promote "an increased quality of

life through the regulation, maintenance and protection of trees, forests and other natural resources." ZO § 5A.02. The Tree Ordinance requires property owners in Canton to obtain a permit before removing certain trees or undergrowth from their properties. To obtain a permit, a property owner must submit an application that includes a tree survey of the property, a description of the area affected by the tree removal, and a description of the trees to be removed. ZO § 5A.05(D). The Tree Ordinance sets out factors to be considered in determining whether or not to grant a tree removal permit, including scenic assets, wind blocks, noise buffers, soil quality, and habitat quality. ZO § 5A.05.F. If Canton issues a permit, the Tree Ordinance provides that the permit grantee must mitigate the tree removal by relocating or replacing removed trees or paying a designated amount into Canton's tree fund so the township can replace the trees elsewhere. ZO § 5A.08.

In 2018, F.P. removed trees from a strip of land on its industrially zoned property so it could access a clogged ditch. F.P. did not apply for a permit, so it did not pay the application fee, nor did it submit a tree survey or any of the other required application materials. Because F.P. did not apply for a permit, Canton did not undertake an analysis of the factors set

forth in ZO § 5A.05.F. When Canton discovered that F.P. was removing trees without a permit, it notified F.P. that it was in violation of the Tree Ordinance and advised F.P. that it would be required to pay a penalty. F.P. filed this lawsuit seeking declaratory and injunctive relief under 42 U.S.C. § 1983. Canton countersued for $47,898, representing the amount F.P. owed to replace the removed trees.

In addressing the parties' cross-motions for summary judgment, this Court concluded that the Tree Ordinance's tree replacement requirement is an unconstitutional taking as applied to F.P. under two different legal theories. First, the Court engaged in the balancing test set forth by the Supreme Court in *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104 (1978). The Court considered the economic impact of the tree replacement burden imposed by the Tree Ordinance, concluding that it is substantial and weighs in favor of a finding that the regulation goes too far. Next, the Court found that the impact of the Ordinance's tree replacement costs interferes with F.P.'s investment-backed expectations as to the use of its property. Finally, the Court determined that the character of the government action, requiring a private property owner to maintain the trees on its property for the benefit of the community at large, was a burden that

- 3 -

should be shared by the community as a whole. The ad hoc factual inquiry led the Court to the conclusion that the mitigation requirement of the Tree Ordinance goes too far and amounts to an unconstitutional regulatory taking as applied to F.P.

The Court next considered the Land-Use Exaction Theory as set forth in *Nollan v. California Coastal Comm'n*, 483 U.S. 825 (1987) and *Dolan v. City of Tigard*, 512 U.S. 374 (1994). An exaction takes place when a government entity requires action by a landowner as a condition to obtaining approval for a requested land development. A land-use exaction is permissible when there is a "'nexus' and 'rough proportionality' between the government's demand and the effects of the proposed land use." *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 599 (2013). In undertaking this evaluation, the Court weighed the burden imposed on the landowner by Canton's imposition of a tree replacement fee against the impact of the proposed tree removal on the community. The Court concluded that Canton did not undertake any case specific analysis of the impact of removing trees on F.P.'s property, because the mitigation options (replace trees or pay into the tree fund) are a mandatory, non-discretionary requirement.

The Court concluded that "[t]he tree replacement requirement is a *per se* condition of any tree removal permit." 456 F.Supp.3d at 895. Because the mitigation in the Tree Ordinance is mandatory, without a method to ensure that the permit requirement is roughly proportionate to the environmental and economic impact of tree removal on Canton and its residents, the Court declared that the Tree Ordinance is an impermissible taking as applied to F.P. under the *Nollan* and *Dolan* doctrine. *Id*.

The Sixth Circuit affirmed this Court's finding that the Tree Ordinance violates the Fifth Amendment, as applied through the Fourteenth Amendment, based on the *Nollan*/*Dolan* unconstitutional-conditions doctrine. The Sixth Circuit did not consider the other taking theories considered by this Court.

After the Sixth Circuit mandate issued, F.P. indicated to Canton that it wanted to remove trees as necessary to ensure that its ditch could be cleared. Canton responded that its Tree Ordinance was still operative and F.P. would need to file an application for a permit. The permit application and the Tree Ordinance have not been revised since the Court found the Tree Ordinance to be unconstitutional as applied to F.P. Given its history with Canton on this issue, F.P. decided it would be better to clear most of

the trees on is property, rather than face returning to the city for potential property maintenance issues in the future. F.P. submitted the $1,200 fee and the first page of the Tree Removal Permit Application, indicating that it sought a permit for an "estimated removal of 20 acres of trees" and "will leave a buffer of trees around exterior of lot". Canton responded that F.P.'s application was incomplete because it did not include a completed tree survey with a "description of the area affected by the tree removal, including tree species mixture, sampling of tree size and the notation of unusual, scarce or endangered trees" and a "description of each tree to be removed, including diseased or damaged trees, and the location thereof." ECF No. 64-1, PageID.1305.

F.P. consulted with Barr Engineering Co., which estimated that a tree survey would cost $29,700. A local arborist, Teresa Hurst, estimated that it could cost as much as $10,000 just to measure and count the trees on the property. To comply with the permit application process, F.P. calculates it would have to spend as much as $30,000 in addition to any mitigation conditions the Township might require if they issue a permit. As it relates to mitigation, F.P. points out that because Canton has not amended its Tree Ordinance, it will still be based on an impermissible tree-for-tree approach.

F.P. seeks an injunction and damages under 28 U.S.C. § 2202,

arguing that Canton is acting contrary to the Court's declaratory judgment,

making further relief "necessary or proper."

<u>LAW AND ANALYSIS</u>

Pursuant to 28 U.S.C. § 2202, this Court has authority to provide

"further necessary or proper relief," including injunctive relief, to enforce its

prior declaratory judgment. *Samuels v. Mackell*, 401 U.S. 66, 72 (1971).

This remains true, "even after a completed appeal." *Cont'l Cas. Co. v.*

*Indian Head Indus.*, 941 F.3d 828, 834-35 (6th Cir. 2019). To obtain relief,

a party must show that the government is acting contrary to this Court's

declaratory judgment, and that further relief is therefore "necessary or

proper." 28 U.S.C. § 2202.

F.P. contends that the permit process in the Tree Ordinance, which

requires the payment of a fee and the hiring of an expert to produce a tree

survey, improperly shifts the cost of the individualized assessment

mandated by the Court from Canton to the property owner. Under the

Court's order, Canton bears the burden of establishing that its mitigation

condition imposed in exchange for a land-use permit satisfies the essential

nexus and rough proportionality test by conducting an individualized

assessment. F.P. contends that by requiring the property owner to provide a costly tree survey as part of the permit application process, Canton is outsourcing the cost of its individualized assessment in violation of *Nollan* and *Dolan*.

Neither this Court nor the Sixth Circuit has addressed Canton's tree removal permit application criteria. F.P. did not apply for a tree permit before clearing the trees from its property, therefore the permit application fee and the requirement that the applicant bear the cost of providing the materials used in reviewing a permit application were not challenged as an unconstitutional taking. Therefore, any potential issues pertaining to the permit application requirements, fee, and review criteria were not within the scope of either court's taking analysis.

F.P.'s motion for further relief relates to Canton's post-appeal enforcement of ZO §§ 5A.05 of the Tree Ordinance, relating to applying for and obtaining a permit to remove trees. In contrast, the mitigation provisions in § 5A.08 of the Tree Ordinance are the subject of the underlying challenge brought by F.P. and previously addressed by the Court. Simply put, the relief requested by F.P. in the pending motion relates to a different section of the Tree Ordinance and a different type of burden.

The requirement that a tree survey be provided with a permit application relates to the review of the property owner's request to remove trees, not to mitigation required if the property owner undertakes such removal. Most importantly, the constitutionality of requiring a property owner to provide a tree survey and pay the cost of such survey was not raised in the underlying Complaint and was not ruled upon by this Court or by the Sixth Circuit.

The Court held that Canton has the burden of demonstrating that the mitigation imposed in the granting of a permit is roughly proportionate to the environmental and economic impact of the tree removal on the Township and its residents. The individualized assessment discussed by the Court referred specifically and solely to the burden and associated costs of mitigation, that is replacing or replanting trees. The Court did not address any burden or cost associated with seeking a permit to remove trees, as those provisions of the Tree Ordinance were not challenged.

F.P. also asks the Court to grant it injunctive relief because the Tree Ordinance still contains the same tree-for-tree mitigation standards struck down by the Court. However, while the Court held that the mitigation process applied by Canton was unconstitutional as applied to F.P., the

Court is not aware that Canton has imposed any further mitigation conditions on F.P. since the Court issued its ruling.

The declaratory relief made available under 28 U.S.C. § 2202 contemplates enforcement of a court's prior order. As the relief sought in the pending motion does not relate to issues previously adjudicated by the Court, the relief requested is not "necessary or proper." For the reasons set forth in this opinion, F.P.'s motion for further relief, including injunctive relief, money damages and attorneys' fees, will be denied.

<u>ORDER</u>

IT IS HEREBY ORDERED that plaintiff/counter-defendant's motion for further relief under 28 U.S.C. § 2202 (ECF No. 63, amended by ECF No. 64) is DENIED.

Dated:   December 8, 2022

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 8, 2022, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---

- 10 -